UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN LABOSSIERE,<br><br>    Plaintiff,<br><br> v.<br><br>GMAC MORTGAGE, EXECUTIVE TRUSTEE SERVICES, LLC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., (MERS) FIRST AMERICAN, DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS,<br><br>    Defendants. | Case No. 1:10-CV-00330-EJL<br><br>**MEMORANDUM ORDER** |

## INTRODUCTION

  Pending before the Court in the above-entitled matter is Plaintiff John Labossiere's ("Labossiere") Motion for Temporary Restraining Order. (Henceforth "TRO", Dkt. 3.) The motion is made pursuant to Federal Rule of Civil Procedure 65. The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately represented in the briefs and record.

**MEMORANDUM ORDER - 1**

Accordingly, and in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Labossiere is a property owner in New Meadows, Idaho. In October of 2006 Labossiere entered into a contract with Homecomings Financial, LLC to purchase real property at 2997 Black Bear Drive in New Meadows. (Verified Compl. for Injunctive and Declaratory Relief for Unfair Practices Under the Fair Debt Collection Practices Act and for Breach of Fiduciary Duty at 3, Dkt. 2.) The Promissory Note and the Deed of Trust to this transaction were conveyed to Defendant Deutsche Bank National Trust Company Americas ("Deutsche Bank"). Defendant GMAC Mortgage ("GMAC") is a sub-servicer for Deutsche Bank. Defendant Executive Trustee Services, LLC ("Executive") is a non-judicial foreclosure servicer company under GMAC. *Id.* at 5. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is an electronic clearinghouse that records the transfer of mortgage debt obligations.

On July 21, 2009, Executive filed a Notice of Default and Election to Sell Under Deed of Trust with the Adams County Recorder. *Id.* On June 29, 2010, Labossiere filed this motion seeking a temporary restraining order to prevent that sale.

**MEMORANDUM ORDER - 2**

## STANDARD OF LAW

Fed. R. Civ. P. 65(b) provides that:

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney only if:
    (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
    (B) the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required.[1]

A temporary restraining order enjoining certain actions may issue even though a plaintiff's right to permanent injunctive relief is not certain. The grant or denial of a temporary restraining order or a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity. *See Inland Steel v. United States*, 306 U.S. 153 (1939); *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940) and *Stanley v. Univ. of Southern Ca.*, 13 F.3d 1313 (9th Cir. 1994).

The Ninth Circuit has treated the standard for determining whether a temporary restraining order should be granted as the same as a preliminary injunction. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (stating that the same is true for a stay pending appeal). The Supreme Court recently clarified the standard for a preliminary injunction to require a plaintiff to show "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in

---

[1] The Court is concerned that no attempt has been made consistent with Fed R. Civ. P. 4(c) to give proper notice to the Defendants. The Court has received no waiver of service from the Defendants or other response. Because a temporary restraining order does not require notice the Court does not here address this issue. The Court encourages the Plaintiff to make a proper effort to notify the Defendants if he has not done so.

**MEMORANDUM ORDER - 3**

the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (citations omitted).

## DISCUSSION

Labossiere contends that the non-judicial foreclosure should not proceed because the transfer of the debt means that there cannot be a holder in due course on the instrument and thus no one to bring the foreclosure. (TRO at 3.) Labossiere also contends that the Defendants breached the contract in the Deed of Trust by failing to provide him notice that the mortgage had been transferred to a party other than the original lender. (Verified Compl. at 4.) The Court will analyze these claims under the *Winter* standard to determine whether a temporary restraining order is appropriate.

**1. Success on the Merits**

### A. *Mortgage Transfers*

Labossiere brings to the attention of the Court certain bankruptcy cases involving MERS and subsequent holders of a borrower's debt. In *In re Mitchell*, 2009 WL 1044368 (Bankr. D. Nev. 2009) and *In re Sheridan*, 2009 WL 631355 (Bankr. D. Idaho 2009) the court rejected MERS' contention that it had standing to bring a motion to stay relief. *Mitchell*, 2009 WL at 4. These cases do not support Labossiere's contention because there is no allegation that MERS brought the non-judicial foreclosure action. It is clear from the facts alleged that Executive, acting as the agent of GMAC and Deutsche Bank, filed the notice of default and commenced the foreclosure proceedings.

**MEMORANDUM ORDER - 4**

In addition the *Sheridan* court addressed whether financial entities that were subsequent holders of a debt had standing to bring a motion to stay relief. The court found that "the motion provides no explanation, much less documentation or other evidence, to show that [movants] […] has any interest in the subject Note or the subject of the Deed of Trust." *Sheridan*, 2009 WL at 4. All that *Sheridan* stands for here is the important proposition that a moving party which has the burden of proof must make a showing that it is actually a party in interest to the proceedings. A similar situated prevailed in *In re Jacobson*, 402 B.R. 354 (Bankr. W.D. Wash. 2009) where movants attempted to show that they were a party in interest with a deed rather than a note. *Id.* at 369. The court held that "[h]aving an assignment of the deed is not sufficient, because the security follows the obligation secured, rather than the other way around." *Id.* at 367 (citations omitted) *accord* Idaho Code § 45-911 ("The assignment of a debt secured by mortgage carries with it the security."). While the record in this case is not fully developed Labossiere has not alleged any similar, simple defects in the Defendants' claim.

Labossiere further argues that pursuant to Idaho Code § 28-3-106(d) there can be no holder in due course of the Note. I.C. § 28-3-106(d) states:

> If a promise or order at the time it is issued or first comes into possession of a holder contains a statement, required by applicable statutory or administrative law, to the effect that the rights of a holder or transferee are subject to claims or defenses that the issuer could assert against the original payee, the promise or order is not thereby made conditional fur the purposes of Section 28-3-104(1); but if the promise or order is an instrument, there cannot be a holder in due course of the instrument.

**MEMORANDUM ORDER - 5**

*Id.* Labossiere takes this section to mean that any subsequent holder of the debt is deprived of the status of holder in due course. Even if this is true it does not support Labossiere's contention that it would also deprive a subsequent holder of the right to enforce the debt against the borrower. Under the Uniform Commercial Code "a holder in due course takes the instrument free of all claims and personal defenses but subject to real defenses." *Black's Law Dictionary* 737 (7th ed. 1999). All that holder in due course status confers on an entity in a mortgage situation is immunity from the personal defenses that the original borrower could have used against the original lender, it has no other bearing on the power to enforce the Note. *Barnsley v. Empire Mortg. Ltd. Partnership V*, 720 A.2d 63 (N.H. 1998) (holding that the plaintiff could assert the defense of payment against a subsequent holder because they were not a holder in due course).

It is possible that further development of the record will show that there is a defect in the chain of possession between the original lender and GMAC/Deutsche Bank. However this is speculative in nature and Labossiere has failed to establish as a matter of law that the mere existence of such a transfer necessarily deprives Executive of the power to seek a non-judicial foreclosure.

### B. *Notice*

Labossiere contends that the Defendants have breached the Deed of Trust contract by failing to provide him notice of a transfer of his Note. The contract provides that "[i]f there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer." (Verified

**MEMORANDUM ORDER - 6**

Compl. Ex. 2 at p. 20.) It is not clear, however, that even if Labossiere could prove that this section of the contract was breached that it would be sufficient to rescind the contract or otherwise prevent the foreclosure.

Other courts have examined almost the exact same language in other Deed of Trust contracts. In *Monet v. Chase Home Fin., LLC*, 2010 WL 1240973 (N.D. Cal. March 26, 2010) the plaintiff's mortgage was sold and no notice was given. As a result, the plaintiff sent their monthly payments to the wrong servicer and were held in default by the new servicer. *Id.* at 1. The court held that the lenders, regardless of whether they had originated the loan or had received it in subsequent transfers, had a duty to notify the borrower. *Id.* at 3. There is no allegation in this case that the default arose because of a failure to notify. While Labossiere may be able to show a breach, he has not alleged any damages from the breach as required. *Amaral v. Wachovia Mortg. Corp.*, 692 F.Supp.2d 1226, 1232 (E.D. Cal. 2010). It is likely that, even if Labossiere prevailed, he would be entitled only to money damages related to whatever injury lack of notice caused.

Labossiere's lack of notice argument is also undermined by letters in the record which seem to show GMAC providing notice that the loan had been transferred. (Verified Compl. at Ex. 6.) While these letters without context cannot preclude Labossiere's claim, they do cast doubt on his likelihood to succeed on the merits.

**2. Irreparable Harm**

It should be noted that the Court is not deciding whether the foreclosure should be allowed. The limited scope of a temporary restraining order means that the harm that

**MEMORANDUM ORDER - 7**

Labossiere must show is so imminent that a stay must issue before normal proceedings can occur. Critical to this showing is the date of the trustee's sale. Labossiere has not provided, nor can the Court determine, the date of such sale. For all that the Court knows the property has already been sold. As such, Labossiere has failed to show a likelihood of irreparable harm sufficient for a stay.

**3. Balance of the Equities**

It is undisputed that Labossiere owes the debt that is secured by the Note and the Deed of Trust. Without a strong showing of likelihood of success of irreparable harm the equities weigh in the favor of the Defendants.

**4. Public Interest**

Idaho Code § 45-1505 provides for non-judicial foreclosure of a trust deed when a borrower is in default. Therefore, the public interest in efficient, low cost resolution to such controversies is high. The court's decision in *Sheridan*, however, reminds the Court that even in proceedings designed to expedite the legal process the fundamental elements of an action remain important, such as assuring that those who seek to invoke the power of the law have a right to do so. Idaho's non-judicial foreclosure statute was enacted in 1957. It cannot be disputed that the mortgage industry has changed a great deal since then. When assessing the public interest the Court must be cognizant not only of the public's interest in efficiency but also in ensuring basic safeguards.

At this stage of the proceedings the only question that the Court need address, however, is whether further proceedings should be stayed. The lack of evidence regarding

**MEMORANDUM ORDER - 8**

the date or disposition of the trustee's sale gives the Court no guidance, and given the public interest in efficiency embodied in non-judicial foreclosure cases the balance weighs in favor of the Defendants.

## CONCLUSION

Labossiere has failed to show a likelihood of success as there is no evidence or authority that the mere transfer of a mortgage renders the subsequent holder unable to enforce the Note. Labossiere has also failed to provide any information regarding the date or disposition of the trustee's sale, such that the Court cannot evaluate whether irreparable harm would be suffered by a failure to stay proceedings. The balance of the equities tips in favor of the Defendants as Labossiere's debt is undisputed. The public interest in efficient resolution of non-judicial foreclosures also weighs in favor of the Defendants. As such, a temporary restraining order would be inappropriate.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Labossiere's Ex Parte Application for Orders; Declaration Re Ex Parte Notice (Motion for a Temporary Restraining Order) (Dkt. No. 3) is **DENIED**.

DATED: **July 16, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 9**