UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN LABOSSIERE,<br><br>                Plaintiff,<br><br>   v.<br><br>GMAC MORTGAGE, EXECUTIVE TRUSTEE SERVICES, LLC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., (MERS) FIRST AMERICAN, DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS,<br><br>                Defendants. | Case No. 1:10-CV-00330-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are Defendants' Motion to Dismiss (Docket No. 12) and Motion to Take Judicial Notice (Docket No. 13). The motions were served on Plaintiff at two different addresses. Plaintiff was sent a Notice to Pro Se Litigants of the Summary Judgment Rule Requirement (Docket No. 14) by the Court. Plaintiff has failed to file a response to the pending motions. Plaintiff has also

**MEMORANDUM ORDER - 1**

failed to pay the required $25 per month towards the filing fee as required by the Court's Order on July 7, 2010 (Docket No. 8).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Failure to Respond

The Local Rules of Civil Practice before the United States District Court for the District of Idaho provide that a party must serve and file a response brief within twenty-one days after service by the moving party. Dist. Idaho Loc. Civ. R. 7.1(c)(1). Moreover, the failure to file a responsive brief may be deemed consent to the granting of the requested relief in the motion:

> Effects of Failure to Comply with the Rules of Motion Practice. Failure by the moving party to file any documents required to be filed under this rule in a timely manner may be deemed a waiver by the moving party of the pleading or motion. In the event an adverse party fails to file any response documents required to be filed under this rule in a timely manner, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application. In addition, the Court, upon motion or its own initiative, may impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon the adverse party and/or counsel for failure to comply with this rule.

Dist. Idaho Loc. Civ. R. 7.1(e). Pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore,

Plaintiff's failure to comply with the applicable local rules cannot be excused because he is proceeding as a pro se litigant.

The case law also supports the court's authority to grant a motion to dismiss for failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Id.* at 53 citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

## Factual Background

Plaintiff filed his Complaint seeking relief regarding the foreclosure of his real property. The Defendants have filed a motion to dismiss arguing the Plaintiff's Complaint should be dismissed based on the doctrine of claim preclusion since the legality of the foreclosure has already been resolved in state court actions. Additionally, Defendants argue the Complaint should be dismissed based on a failure to state a claim upon which relief can be granted.

## Analysis

In reviewing the record in this matter, the Court finds the Defendants' have established that Plaintiff has presented his arguments regarding the foreclosure of his real property and such arguments have been rejected by the state court. Therefore, the

**MEMORANDUM ORDER - 3**

doctrine of claim preclusion prohibits Plaintiff from attempting to have this same issue reviewed by a federal court.

Next, the Court agrees with Defendants that even if Plaintiff was allowed to proceed on his claims, Plaintiff has failed to state a claim upon which relief can be granted. The Defendants have provided copies of documents that establish the Defendants are entitled to foreclose on the real property at issue. Plaintiff does not dispute these documents. Further, because the documents provided support a finding that Defendants have the legal authority to proceed with a foreclosure sale, the Plaintiff has failed to establish his claim for unfair practices or a breach of a fiduciary duty.

The Court adopts the factual background and legal reasoning set forth in the motion to dismiss. The Court finds the public's interest in expeditious resolution of frivolous litigation applies to this case. Plaintiff's failure to prosecute this action and pay the ordered filing fee also supports dismissal of his claims. The Court finds there is a risk of prejudice to the Defendants if this matter is not dismissed. While the public policy favoring disposition of cases on their merits normally applies, in this particular case the Court has examined the record and finds the Plaintiff's Complaint lacks both legal and factual merit and was filed as a delay tactic. Finally, the Court finds the availability of less drastic sanctions is not possible in this case since there is a pending motion to dismiss which is well-founded on the law and supports dismissal of the action. For all these reasons, the Court finds the motion to dismiss should be granted.

Being fully advised in the premises, the Court hereby orders that Defendants'

**MEMORANDUM ORDER - 4**

Motion to Dismiss (Docket No. 12) and Motion to Take Judicial Notice (Docket No. 13) are GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY.

DATED: **October 21, 2010**

Honorable Edward J. Lodge
U. S. District Judge